HORTON, Judge.
The Town of West Miami has taken this appeal from a final decree which found that the town had improperly dismissed the appellee from the police force. The appellee was- dismissed by the town council pursuant to the alleged authority contained in municipal ordinance No. 200. The chancellor found the ordinance to be in violation of the town charter. Article II, Section 5, Subsection 1, of the charter provides:
“Section 5. The Mayor shall be the chief executive officer and head of the Town Government and shall have the power to:
“1. Appoint, and when necessary for the good of the service, remove all-officers or employees of the Town except those authorized to be appointed and removed by the Town Council, and if a merit system he established by the Town Council, subject to the provisions thereof.” [Emphasis supplied]
The chancellor held that ordinance No. 200 was an abortive attempt to create a merit system as contemplated by the charter resulting in the retention of the removal power in the mayor.
We concur with the chancellor’s finding that ordinance No. 200 was an ineffective attempt to create a merit sys *798 tem. The validity of a municipal ordinance is generally determined by the authorizations and limitations of the charter. See Raney v. City of Lakeland, Fla.1956, 88 So.2d 148, 150.
The effect of ordinance No. 200 is to take from the mayor his charter-given power to remove certain municipal employees and to vest this power in the town council sitting as a merit board. This is in contravention with the terms of the charter, which, subject to certain limitations, places this power in the mayor. It is readily apparent under the terms of the charter that a merit system could not validly terminate the mayor’s power of removal, but it could limit such power or subject it to reasonable rules and regulations prescribed by the town council but with due regard and recognition of the general powers conferred upon the mayor. See Alsop v. Pierce, 155 Fla. 184, 19 So.2d 799.
Accordingly, the decree is affirmed.
CARROLL, CHAS., C. J., and PEARSON, J., concur.